# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY SANTA-MARINA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11766** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.** | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 19. Defendant James River Insurance Company opposes the motion. R. Doc. 21. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

Plaintiff Kimberly Santa-Marina, a resident of Louisiana, brought suit against the following Defendants: (1) Government Employees Insurance Company ("GEICO"), a foreign corporation doing business in Louisiana; (2) Sanka Davis, II ("Davis"), a resident of Georgia; and (3) James River Insurance Company ("James River"), a foreign corporation doing business in Louisiana. R. Doc. 1-1 at 1. Plaintiff seeks to recover for damages she sustained after her vehicle was rear-ended by a vehicle owned and operated by Davis. R. Doc. 1-1 at 1. Plaintiff was working as an Uber driver at the time of the accident. Plaintiff alleges she suffered damages including but not limited to, past, present, and future medical expenses; past, present, and future mental anguish; past, present, and future suffering; loss of wages, loss of earning capacity, permanent disability, and loss of enjoyment of life. R. Doc. 1-1 at 3. Specifically, Plaintiff alleges that she suffered personal injuries to her neck and back as a result of the accident and she has undergone approximately six

1

weeks of physical therapy without relief. Moreover, she contends an MRI of her cervical spine reveals disc herniations at multiple levels.

Plaintiff alleges that at the time of the collision, Davis was covered by automobile liability insurance issued by GEICO and Plaintiff was covered by uninsured/underinsured motorist coverage issued by James River. R. Doc. 1-1 at 1–2. James River denies the allegations and asserts a number of affirmative defenses, including the following: the sole cause of the incident was the negligence or fault of other parties and/or non-parties, for which James River has no liability; to the extent that Plaintiff's own negligence caused or contributed to the alleged injuries or damages, Plaintiff's claims are barred; Plaintiff's claims are barred because of Plaintiff's failure to mitigate damages; and the claims against James River may be barred, limited or reduced if Plaintiff is not legally entitled to recover compensatory damages or if Plaintiff is not insured by James River. R. Doc. 5. Additionally, Davis and GEICO deny Plaintiff's allegations and assert several affirmative defenses, including the following: (1) any damages, losses, and/or expenses incurred by Plaintiff were caused by Plaintiff's own fault, neglect, negligence, and/or assumption of risk; (2) any injuries or damages allegedly sustained by Plaintiff were caused by the negligence and/or fault of others; and (3) Plaintiff has failed to mitigate damages. R. Doc. 10.

Plaintiff originally filed suit in the Civil District Court for the Parish of Orleans on June 5, 2019. R. Doc. 1-1. Defendant James River removed the action to this Court under 28 U.S.C. § 1446 diversity jurisdiction based on the understanding that Defendant Davis was a resident of Georgia for jurisdictional purposes. R. Doc. 1 at 3.

## II.    PENDING MOTION

Plaintiff now seeks remand of this case to state court. R. Doc. 19. Plaintiff argues that this Court does not have subject matter jurisdiction in this case because diversity jurisdiction is lacking

between Plaintiff and Defendants. R. Doc. 19 at 1. Specifically, Plaintiff alleges that Defendant Sanka Davis is a Louisiana citizen for jurisdictional purposes and because there is no complete diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332, the Court does not have jurisdiction in this case. R. Doc. 19-1 at 2.

III.     **LAW AND ANALYSIS**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, this Court "may not exercise that jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The removing party bears the burden of proving that a district court has jurisdiction over a matter. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Because removal jurisdiction "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), it is strictly construed and doubts regarding removal jurisdiction should be resolved in favor of remand, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases involving complete diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity exists when no plaintiff shares a state of citizenship with any defendant. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of natural persons in § 1332 diversity cases:

> The fourteenth amendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." United States Const. amend. XIV, § 1. However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.

85 F.3d 244, 248 (5th Cir. 1996). Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile. *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Id.* at 798. To determine a litigant's domicile, courts consider many factors, none of which is determinative, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251. While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts." *Id.* "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* at 249.

In this case, Plaintiff contends that Davis's deposition confirmed he is a Louisiana citizen, as he has been domiciled in River Ridge, Louisiana continuously since 2016, including at the time of the accident in this case. R. Doc. 19-1 at 4. Davis has lived at this River Ridge address while working as a rehabilitation counselor at the Department of Veterans Affairs in New Orleans. R.

Doc. 19-2 at 8–9. Plaintiff thus argues that because there is no complete diversity of citizenship between parties, the Court does not have jurisdiction. R. Doc. 19-1 at 4.

In opposition, Defendant James River argues that Davis is actually a Georgia domiciliary and was a Georgia domiciliary at the time of the accident in question, so complete diversity between the parties exists and the motion to remand should be denied. R. Doc. 21 at 1. James River points to the fact that during his deposition, Davis testified that he had resided in Louisiana for the past two years but is "[i]n the process of trying to move back to Georgia." R. Doc. 19-2 at 7. Moreover, Davis testified that his permanent residence is in Georgia, he travels back to Georgia about once a month, and he has a Georgia identification card. R. Doc. 19-2 at 7–9. Davis also provided a notarized affidavit stating that: (1) he is not a registered voter in Orleans Parish or Jefferson Parish, nor has he applied to register to vote in any Louisiana parish; (2) he does not have a Louisiana license, nor has he ever applied for a Louisiana license or identification card; (3) he has never filed Louisiana income tax returns; and (4) he is only residing in Louisiana for his current employment as a rehabilitation counselor with the Department of Veterans Affairs. R. Doc. 21-1 at 1. James River thus contends that, based on Davis's testimony and affidavit, Davis was and still is a Georgia citizen and domiciliary for jurisdictional purposes. R. Doc. 21 at 3.

As a preliminary matter, although the Court suggested at oral argument that the parties conduct an additional deposition of Davis to rectify any ambiguities that remain regarding his domicile, the parties did not seem inclined to do so. Therefore, the Court will resolve this issue with the information that is available. The Court notes that the notarized affidavit provided by Defendants contains information about what Davis does not do in Louisiana, such as vote or pay income taxes, but it does not confirm that Davis conducts these activities in Georgia instead. It is therefore ambiguous as to whether Davis is registered to vote, pay income taxes, or own property

5

in Georgia. It is unambiguous, however, that Davis has resided in Louisiana continuously since 2016 and his job is located in this state as well. Because "[a]ny ambiguities are construed against removal and in favor of remand to state court," *Mumfrey*, 719 F.3d at 397 (internal citation omitted), the Court "must presume that [this] suit lies outside [its] limited jurisdiction," *Howery*, 243 F.3d at 916. Accordingly, the Court concludes that this lawsuit lies outside its jurisdiction and must be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. This case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 22nd day of January, 2020.

_____
Eldon E. Fallon
United States District Judge